O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT LAUTER,<br><br>      Plaintiff,<br><br>  v.<br><br>MICHAEL ROSENBLATT; ECHO BRIDGE ENTERTAINMENT, LLC; PLATINUM DISC. LLC; ECHO BRIDGE HOME ENTERTAINMENT;,<br><br>      Defendants. | Case No. CV 15-08481 DDP (KSx)<br><br>**ORDER RE: PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>[Dkt. 210, 243] |

Presently before the Court is Plaintiff's Motion to Strike Defendant Echo Bridge Acquisition Corporation ("EBAC")'s Affirmative Defenses 1-10. Having considered the submissions of the parties, the court grants the motion in part, denies the motion in part, and adopts the following Order.

**I.  Background**

The facts of this case are well known to the parties, and are set forth in detail in this Court's prior Orders.  In short,

Plaintiff Brett Lauter acquires distribution rights to movies and other media and licenses those rights to other distributors. Plaintiff entered into a licensing arrangement with an alleged predecessor in interest to Defendant EBAC. The predecessor in interest allegedly breached its agreement with Plaintiff and ceased doing business. EBAC ultimately acquired all of the alleged predecessor in interest's assets. Plaintiff's Third Amended Complaint ("TAC") alleges not only that EBAC is a successor in interest to the alleged predecessor in interest but, moreover, that EBAC itself continues to distribute Plaintiff's films without authorization. Plaintiff now moves to strike several of EBAC's affirmative defenses.

**II. Legal Standard**

Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "To show that a defense is 'insufficient,' the moving party must demonstrate that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp.2d 1028, 1032 (C.D. Cal. 2002).

In considering a motion to strike, the court views the pleadings in the light most favorable to the non-moving party. See In re 2TheMart.com Secs. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000)). Grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may

be judicially noticed. <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1528 (9th Cir. 1993) <u>rev'd on other grounds</u>, 510 U.S. 517 (1994). While motions to strike are generally disfavored, "where [a] motion [to strike] may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." <u>California v. United States</u>, 512 F. Supp. 36, 38 (N.D. Cal. 1981). This is because the purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial . . . ." <u>Whittlestone, Inc. v. Handi-Craft Co.</u>, 618 F.3d 970, 973 (9th Cir. 2010) (quoting <u>Sidney-Vinstein v. A.H. Robins Co.</u>, 697 F.2d 880, 885 (9th Cir. 1983)).

**III. Discussion**

Plaintiff argues that several of EBAC's affirmative defenses should be stricken for failure to provide fair notice. (Motion at 5-6.) Under the standard set forth by the Ninth Circuit in <u>Wyshak v. City National Bank</u>, defendants need only provide a plaintiff with "fair notice" of an affirmative defense. <u>Wyshak v. City National Bank</u>, 607 F.2d 824, 827 (9th Cir. 1979). The fair notice standard requires only that a defendant describe a defense in general terms supported by some factual basis. <u>Rosen v. Masterpiece Mktg. Grp., LLC</u>, 222 F. Supp. 3d 793, 798 (C.D. Cal. 2016). Plaintiff, however, also takes the position, as have some district courts within this circuit, that the heightened pleading standard established by <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) applies to

affirmative defenses as well as complaints. See Vogel v. Linden Optometry APC, No. CV 13-00295 GAF SHX, 2013 WL 1831686, at *2 (C.D. Cal. Apr. 30, 2013). Although the Ninth Circuit has not addressed the question directly, the court has, post Iqbal, suggested that the fair notice standard continues to apply. Kohler v. Flava Enterprises, Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) ("[T]he 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'"). Many courts within this district have therefore continued to apply the less restrictive Wyshak standard. See, e.g., Rosen, 222 F.Supp.3d at 802; Vogel, 2013 WL 1831686 at *3. This court will do the same.

Plaintiff, notwithstanding his invocation of a more stringent standard, himself cites to Wyshak in arguing that he does not have fair notice of EBAC's following defenses: (1) Failure to State a Claim; (2) Lack of Standing; (3) No Diversity Jurisdiction; (4) Unjust Enrichment; (5) No Injunctive Relief; (6) Failure to Mitigate; (7) Estoppel; (8) Good Faith Transferee; and (9) Real Party in Interest and Lack of Representation. (Mot. at 5.)

Courts are split as to whether failure to state a claim is a valid affirmative defense. See, e.g., Barrilleaux v. Mendocino Cty., No. 14-CV-01373-TEH, 2016 WL 1298860, at *2 (N.D. Cal. Apr. 4, 2016). Some courts have noted that Federal Rule of Civil Procedure 12(h) appears to allow for such a defense. See, e.g., Sprint Sols. Inc. v. Pac. Cellupage Inc., No. 213CV07862CASJCG, 2014 WL 12610204, at *2 n. 1. (C.D. Cal. Dec. 17, 2014). More, however, have observed that such a defense does no more than assert a defect in a plaintiff's prima facie case, and therefore "is more

4

properly brought as a motion and not an affirmative defense." Barnes v. AT & T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010); see also Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); Barrilleaux, 2016 WL 1298860 at *2; Vogel v. OM ABS, Inc., No. CV 13-01797 RSWL JEM, 2014 WL 340662, at *2 (C.D. Cal. Jan. 30, 2014).

Some courts have concluded, furthermore, that "[n]either mere reference to a legal doctrine, nor a bare recitation of statutory provisions, provides fair notice of an affirmative defense absent some fact or argument explaining the defense." Arthur v. Constellation Brands, Inc., No. 16-CV-04680-RS, 2016 WL 6248905, at *2 (N.D. Cal. Oct. 26, 2016) (quoting Barrilleaux, 2016 WL 1298860 at *2); see also Inn S.F. Enter., Inc. v. Ninth St. Lodging, LLC, No. 3:16-CV-00599-JD, 2016 WL 8469189, at *2 (N.D. Cal. Dec. 19, 2016); Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (" A reference to a doctrine, like a reference to statutory provisions, is insufficient notice.").

This court agrees. EBAC's First Affirmative Defense for failure to state a claim provides neither facts nor arguments to put Plaintiff on notice of the defense, and is therefore STRICKEN. Like the first affirmative defense, EBAC's Second Affirmative Defense of lack of standing does no more than recite a doctrine, and includes no factual information to put Plaintiff on notice of why EBAC claims he lacks standing, why his claims "are more properly asserted by another," or who that other might be. See

Kohler v. Staples the Office Superstore, LLC, 291 F.R.D. 464, 469 (S.D. Cal. 2013) (striking lack of standing defense); see also Dr. Seuss Enters., L.P. v. ComicMix LLC, No. 16-CV-2779-JLS (BGS), 2018 WL 3063953, at *4 (S.D. Cal. June 21, 2018) (striking "boilerplate" defenses for lack of adequate notice). Although the issue is somewhat closer with respect to EBAC's Third Affirmative Defense of "No Diversity Jurisdiction," which in some cases may be sufficiently self-explanatory to give fair notice, the defense here merely asserts that complete diversity is lacking, without specifying which of the several defendants, some of which may no longer be operating, is non-diverse. Accordingly, EBAC's second and third affirmative defenses are also STRICKEN.[1]

Of the remaining defenses, Plaintiff only addresses EBAC's Sixth Affirmative Defense of failure to mitigate and Seventh Affirmative Defense of estoppel with any specificity.[2] With respect to the former, EBAC acknowledges that a mitigation defense must provide notice of the basis for the alleged failure to mitigate. (Opposition at 7 (citing Kohler v. Staples the Office Superstore, LLC, 291 F.R.D. 464, 469 (S.D. Cal. 2013).) As EBAC appears to implicitly acknowledge, the Sixth Affirmative Defense provides no such factual background. Although EBAC attempts to

---

[1] Nothing in this Order shall be read to preclude EBAC from filing a motion to dismiss pursuant to Federal Rule of Procedure 12(b)(1).

[2] EBAC acknowledges that it's Tenth Affirmative Defense is not an affirmative defense, and that EBAC simply intended to reserve its right to seek leave to amend its answer to assert any other defenses that may arise in the course of discovery. (Opposition at 11.) Nothing in this Order shall be read to preclude EBAC from seeking such leave, should the need arise.

6

provide supporting detail in the body of its opposition, that alleged factual basis is more appropriately included in an amended affirmative defense. EBAC's Sixth Affirmative Defense is therefore STRICKEN. EBAC's Seventh Affirmative Defense for estoppel, however, provides sufficient notice of EBAC's allegation that Plaintiff is estopped from bringing his claims because he granted express, written consent to license or assign the rights upon which his claims are based. Similarly, EBAC's Fourth, Fifth, Eighth, and Ninth affirmative defenses, although not specifically discussed by Plaintiff, contain sufficient factual detail so as to provide Plaintiff with fair notice.[3]

**IV. Conclusion**

For the reasons stated above, Plaintiff's Motion to Strike Affirmative Defenses is GRANTED in part and DENIED in part. EBAC's First, Second, Third, Sixth, and Tenth affirmative defenses are STRICKEN, with leave to amend. Any amended affirmative defenses shall be filed within fourteen days of the date of this Order.

IT IS SO ORDERED.

Dated: October 2, 2018

DEAN D. PREGERSON

United States District Judge

---

[3] Plaintiff also argues, without elaboration, that each of the latter three of these defenses "is merely a negation of TAC" and that the fourth affirmative defense is not relevant. (Mot. at 10.) These arguments are not well developed, and Plaintiff's Reply appears to argue the merits of the defenses rather than their insufficiency.

7