| | |
|---|---|
| Case No. 2:15-cv-08481-DDP-KS | Date: June 5, 2019 |
| Title *Brett Lauter v. Michael Rosenblatt et al.* | |

Present: The Honorable: **Karen L. Stevenson, United States Magistrate Judge**

| Gay Roberson | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER RE: PLAINTIFF'S MOTION TO COMPEL AND ORDER TO SHOW CAUSE**

# THE DISCOVERY DISPUTE

On April 26, 2019, following an extensive telephonic discovery conference regarding alleged deficiencies in Defendants' responses to Plaintiffs' Revised Interrogatories and Requests for Admissions, the Court authorized Plaintiff to bring a motion to compel in the joint stipulation format under Local Rule 37-2. (Dkt. No. 268.) Because the discovery cut-off at that time was set for May 14, 2019, the Court required that the motion to compel be filed on or before May 6, 2019, with any supplemental statements, as allowed by Local Rule 37-2, due on or before May 9, 2019. (*Id.*) The Court indicated, however, that it was amendable to extending the briefing schedule for the motion to compel should the District Judge, Hon. Dean D. Pregerson, grant an extension of the discovery cut-off. (*Id.*)

On May 1, 2019, Judge Pregerson granted the parties' Stipulation to Continue Scheduling Order by 49 Days. (Dkt. No. 273.) On May 6, 2019, based on the District Judge's order, the Magistrate Judge extended the time for filing the joint stipulation on Plaintiff's motion to compel until May 30, 2019. (Dkt. No. 274.)
//
//

# THE PARTIES FAIL TO COMPLY WITH THE COURT'S ORDER

On May 30, 2019, Plaintiff filed what he described as "Plaintiff's Portion of Joint Statement" (Dkt. No. 292), along with a Declaration of Brett Lauter, explaining that he had submitted his "portion of the proposed Joint Stipulation along with a list of all proposed exhibits thereto via email" to Defendant Echo Bridge Acquisition Corp. LLC's ("EBAC's") attorneys on May 27, 2019 and EBAC's counsel had indicated they "would not submit their portion of the Joint Stipulation" (Dkt. No. 293). On May 31, 2019, EBAC filed a separate Opposition to the motion to compel and a Request for Sanctions against Plaintiff for unilaterally filing his portion of the proposed joint stipulation. (Dkt. No. 294.) On June 4, 2019, Plaintiff then filed a further memorandum in support of the motion to compel (Dkt. No. 295) and another Declaration of Brett Lauter in Support of Motion to Compel (Dkt. No. 296).

None of these filings are in compliance with the Court's order that the motion to compel be filed in the joint stipulation format pursuant to Local Rule 37-2. Therefore, on June 5, 2019, the Court struck the parties' filings in connection with the motion to compel for failure to follow the Court procedures. (Dkt. No. 297.)

The parties have each now had more than five weeks to prepare their respective portions of a joint stipulation consistent with the Court's order and the discovery cut-off has been extended to July 2, 2019.

Accordingly, Plaintiff and EBAC **are ORDERED TO SHOW CAUSE** no later than **June 12, 2019**, why Plaintiff and Defendant EBAC should not each be sanctioned for failure to comply with the Court's prior Order.

To discharge this Order, Plaintiff and EBAC must file one of the following **on or before June 12, 2019**:

1. A complete motion to compel in the joint stipulation format pursuant to Local Rule 37-2; OR

2. An affidavit signed by EBAC counsel stating that EBAC has provided supplemental responses to Plaintiff's Revised Interrogatories No. 10-25 and RFAs Sets Two, Three, and Four, AND confirming the date on which those supplemental responses were provided to Plaintiff; OR

3. An affidavit signed by Plaintiff indicating he no longer wishes to proceed with a motion to compel further responses to Plaintiff's Revised Interrogatories No. 10-25 and RFAs Sets Two, Three, and Four.

**The parties are warned that failure to timely comply with this Order will result in this Court certifying the facts herein to the District Judge for determination of an order of civil contempt.** *See* **28 U.S.C. §636(e)(6)(B)(iii).**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | gr |